UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:18cr19 (JBA) |
| *v.* | |
| | December 14, 2020 |
| ROBERT EPPS | |

## ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Robert Epps's motion [Doc. # 42], pursuant to § 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), seeks release from custody because Defendant's "medical conditions, which include obesity and asthma, as these ailments, in combination with the COVID-19 pandemic, place him at grave risk of serious illness and death," (Def.'s Mot. for Compassionate Release at 1). The Government argues that Defendant's motion should be denied because he failed to exhaust administrative remedies and "has not met his burden of establishing that a sentence reduction is warranted." (Gov't's Mem. in Opp. [Doc. # 48] at 1.) For the reasons that follow, Defendant's motion to reduce his sentence is GRANTED.

### I. Background

On February 2, 2018, Defendant Robert Epps was convicted by guilty plea of one count of Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18

U.S.C. §§ 922(g) and 924(a). On June 4, 2018, he was sentenced to 40 months of incarceration followed by 36 months of supervised release. (Sentencing Opinion [Doc. # 30].)

Defendant has served 30 months of his sentence and seeks release from Brooklyn MDC. FIND AN INMATE, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Dec. 9, 2020). His anticipated release date is September 27, 2021. *Id.* As of December 9, 2020, ninety-one inmates have tested positive for COVID-19, and seventy-three inmates and seven staff members are currently experiencing active infections. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Dec. 9, 2020).

Defendant suffers from obesity, hypertension, and asthma, for which he requested an inhaler on April 24, 2020. (Sealed Medical Records [Doc. # 44-1].) The Centers for Disease Control and Prevention ("CDC") warns that obesity (body mass index [BMI] of 30 or higher) places people of any age at an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 9, 2020). The CDC also advises that individuals with moderate to severe asthma and individuals with hypertension *may* be at an increased risk of severe illness caused by COVID-19. *Id.*

Mr. Epps represents that he submitted a request for compassionate release to the warden on April 10, 2020, via email but has never received a reply. (*See* Def.'s July 23, 2020, Email to Warden, Ex. A to Reply [Doc. # 49-1] ("I have been writing emails since April requesting compassionate release."); Def.'s Aug. 2, 2020, Email to Warden, Ex. A to Reply ("I have been writing emails since April 10th when I was placed in general population and kicked out of the SHU, asking about compassionate release.").) He sent several follow-up emails to

the Warden in the following months requesting compassionate release. (*Id.*) On July 28, 2020, through his counsel, Mr. Epps renewed his request for compassionate release. (Ex. B to Mot. for Compassionate Release [Doc. # 1-2].) On August 10, 2020, Mr. Epps, through his counsel, filed this Motion for Compassionate Release with the Court. (*See* Mot. for Compassionate Release.) To date, the Warden has not responded to any of Mr. Epps's requests for early release.

## II.     Discussion

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, that

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

There are three questions before the Court: first, whether Defendant has satisfied the administrative exhaustion requirement; second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction; and third, whether a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

### A.  Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement that must be satisfied before a defendant may file with the district court for release. Specifically, defendants may file their motions in federal court seeking compassionate release only after either exhausting

administrative review of a Bureau of Prisons ("BOP") denial of their request or after thirty

days have elapsed since they made the request, whichever is earlier. *Id.*

Here, the Government maintains that Defendant has not satisfied either mechanism.

(*See* Mem. in Opp. at 4-5.) The Government states that Mr. Epps made a request to the

Warden on July 28, 2020, and then filed his motion on August 10, 2020, meaning that thirty

days had not elapsed at the time of Defendant's filing. (*Id.* at 4.) Mr. Epps argues that the

Court should waive the administrative exhaustion requirement because he "has repeatedly

tried to exhaust his administrative remedies" and because enforcement of the requirement

would be futile. (Mot. for Compassionate Release at 4; Reply [Doc. # 49] at 2.)

Although Mr. Epps seems to implicitly concede that he has failed to satisfy the thirty-

day administrative exhaustion requirement, the Court finds that Mr. Epps presents sufficient

evidence that he made a request for compassionate release to the warden on or around April

10, 2020, and therefore satisfies the exhaustion requirement. In two separate emails to the

warden, Mr. Epps represented that he has been "writing emails since April requesting

compassionate release." (Ex. A to Reply.) Mr. Epps reaffirmed that he had made his initial

request in April in both his Motion for Compassionate Release and in his Reply. (Mot. for

Compassionate Release at 4; Reply at 2.) The Government does not rebut this assertion in its

Memorandum of Opposition. Rather, the Government argues as though Mr. Epps had never

made any request prior to July 28, 2020. (Mem. in Opp. at 4 ("Here, the Defendant, through

counsel, made the request on July 28, 2020, and the 30-day period has not expired.").)[1] Far

---

[1] On November 26, 2020, the Government filed a notice with the Court stating that the content and quantity of Mr. Epps reply briefs were inappropriate. (Notice [Doc. # 53] at 1.) Specifically, the Government argues that these reply briefs raised new information and that new issues should not be raised in such briefs, though the Government does not identify any specific new information that was raised. (*Id.*) To the extent that the Government believes

more than thirty days elapsed between the April 2020 email request and Mr. Epps's filing of this motion on August 10, 2020, and the statutory requirement is thus satisfied.

Having concluded that Mr. Epps has satisfied the administrative exhaustion requirement, the Court turns to the merits of his motion.

### B.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Courts have discretion to consider a wide range of factors in analyzing a motion for compassionate release, including a defendant's "age at the time of [the] crime, . . . the injustice of [a] lengthy sentence," and "the present coronavirus pandemic." *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020). "[T]he only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall not be considered an extraordinary and compelling reason." *Id.* at 237-38 (internal quotations omitted). Courts are therefore not limited to the specific "extraordinary and compelling reasons" enumerated in Application Note 1 of Guideline section 1B1.13, nor the directive by Attorney General Barr to consider primarily those acute health problems created by the pandemic, and may exercise their discretion in determining if the confluence of all the issues raised in Defendants' motions for release warrants granting them. *See id.*

---

that the attachment of Mr. Epps's emails to the warden amount to improper disclosure of new information, the Court disagrees. Mr. Epps clearly stated in his Motion for Compassionate Release that he had "request[ed] compassionate release some months ago through email, but did not receive a response." (Mot. for Compassionate Release at 4.) Moreover, Mr. Epps explained in his Reply that his counsel had not received copies of his emails requesting compassionate release until the day the Reply was filed. (Reply at 2.)

Mr. Epps argues that he should be released from BOP custody because his medical conditions and the COVID-19 pandemic have "created extraordinary and compelling reasons for his release to home confinement." (Mot. for Compassionate Release at 1.) He maintains that the COVID-19 pandemic is particularly dangerous in congregate living settings like prisons and that Mr. Epps is at an increased risk of death or severe illness if exposed to COVID-19 as a result of his obesity, hypertension, and asthma. (*Id.* at 1,3.) The Government concedes that Defendant has identified extraordinary and compelling reasons for a sentence reduction given his documented obesity but maintains that early release is still inappropriate because "Defendant poses a danger to public safety if released." (Mem. in Opp. at 10-11.)

Given the COVID-19 pandemic and Mr. Epps's documented medical conditions, Mr. Epps has demonstrated extraordinary and compelling reasons justifying release. Nevertheless, the Court still must determine whether compassionate release is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

### C.   Section 3553(a) Factors

Section 3553(a) instructs courts to impose sentences that consider factors including, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed to reflect the seriousness of the offense . . . promote respect for the law . . . protect the public from further crimes of the defendant . . . [and] provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting

compassionate release and whether compassionate release would undermine the goals of the original sentence." *United States v. Daugerdas*, --- F.Supp.3d ---, 2020 WL 2097653 (S.D.N.Y. May 1, 2020) (internal quotations omitted).

The Section 3553(a) factors weigh in favor of releasing Mr. Epps. Mr. Epps has served three-quarters of his sentence in federal custody. He continues to maintain strong family ties and has a solid release plan. (Mot. for Compassionate Release at 9.) In addition, Mr. Epps has taken advantage of numerous opportunities while incarcerated, including a variety of academic, practical, and vocational courses. (*Id.* at 10.) Although his offense, possessing a stolen firearm as a convicted felon, is serious, it is also important to note that Mr. Epps has no history of violence and has remained discipline free while incarcerated. (*Id.*; Reply at 5.) While Mr. Epps's criminal history, which includes drug convictions and identity theft, does give the Court pause, the Court nevertheless finds that Mr. Epps's discipline-free incarceration, release plan, and a term of home confinement satisfactorily reduce his risk of recidivism.

### III. Conclusion

The Court concludes that extraordinary and compelling reasons warrant reducing Mr. Epps's sentence and that the § 3553(a) factors support a reduction in sentence to time served. The Court therefore grants Mr. Epps's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and orders his release. He shall be released to the home of family friend Catherine Belucci in West Haven, Connecticut to begin his term of supervised release. He must comply with the standard and mandatory conditions of supervised release and shall be on total quarantine for the first fourteen days following his release.

IT IS SO ORDERED.


<u>              /s/                              </u>

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 14th day of December 2020.